**S. F. H., INC. (Formerly Sam Fortas Housefurnishing Company, Inc.), Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 18730.

United States Court of Appeals, Third Circuit.

Argued Dec. 1, 1970.

Decided May 28, 1971.

James J. Convery, LaBrum & Doak, Philadelphia, Pa. (William B. Freilich, Philadelphia, Pa., on the brief), for appellant.

Matthew J. Zinn, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Lee A. Jackson, Acting Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Daniel B. Rosenbaum, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before KALODNER, SEITZ, and ALDISERT, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

The question presented is whether the Tax Court erred in holding that the appellant corporation was precluded by Section 382 of the Internal Revenue Code of 1954,[1] which prescribes "Special limitations on net operating loss carryovers," from carrying over to its taxable year ended June 30, 1962, a net operating loss sustained in a prior taxable year, because it had sold all of the assets of its retail furniture business and ended the latter's operation some eight months prior to the end of the taxable year.

Relevant to our disposition are these stipulated facts found by the Tax Court:

The taxpayer, S. F. H., Inc. (formerly Sam Fortas Housefurnishing Company, Inc.), had for many years engaged in the business of selling furniture at retail in Memphis, Tennessee. It filed its corporate income tax returns on the basis of a taxable year ended June 30, and reported income from sales in accordance with the installment method of accounting. Taxpayer filed its federal corporate income tax return for the taxable year ended June 30, 1962 with the District Director of Internal Revenue, Philadelphia, Pennsylvania.

For the taxable year ended June 30, 1961, taxpayer incurred a net operating

1. 26 U.S.C.A. § 382.

loss of $167,807.18, which arose from the operation of the retail furniture business. After carrybacks, there remained $159,830.76 for carryover to future years.

As of July 1, 1961, all of taxpayer's outstanding capital stock was owned by Son-Mark Industries, Inc. On August 11, 1961, Son-Mark Industries, Inc. sold, in an arm's length transaction, all of taxpayer's capital stock to Chester Tricot Mills, Inc., whose name was later changed to Merion Securities, Inc. ("Merion").

On October 27, 1961, Merion acquired control of Mount Clemens Metal Products Company ("Mount Clemens"), a Michigan corporation. On the same date, taxpayer sold all of its assets, subject to all its liabilities, to Mount Clemens for cash, and then immediately purchased 85,000 shares of the stock of Mount Clemens from Merion.

After October 27, 1961, and on June 30, 1962, the last day of the taxable year in issue, taxpayer had no assets with which to carry on the retail furniture business. After October 27, 1961, taxpayer's only assets were 85,000 shares of Mount Clemens stock, cash of less than $1,000, and a claim for refund of federal income tax in the amount of $6,480.59. Taxpayer did not engage in any other business from October 21, 1961 until its dissolution in its fiscal year ending June 30, 1964. It had no gross income during its fiscal years ending June 30, 1963 and June 30, 1964.

On its income tax return for the year ended June 30, 1962, taxpayer reported gross profit from sales of $349,508.67. This consisted of $131,448.11, gross profit from current year's sales, and $218.060.56, gross profit from prior years' sales realized in the current year, by way of either current year's collections, or the disposition by taxpayer on October 27, 1961, of all of its installment accounts receivable to Mount Clemens. On its income tax return for the year ended June 30, 1962, taxpayer claimed a net operating loss deduction of $133,-398.08 comprised entirely of a net oper-

ating loss carryover from the year ended June 30, 1961.

In his notice of deficiency, the Commissioner disallowed this net operating loss deduction with the following explanation:

"Within your taxable year ended June 30, 1962, all your capital stock was purchased by new owners, Chester Tricot Mills, Inc., and by the end of said taxable year ended June 30, 1962, you had ceased to carry on the retail furniture business heretofore conducted by you. Accordingly, under the provisions of section 382(a) of the Internal Revenue Code of 1954, the net operating loss carryover from prior taxable years has been disallowed as a deduction in the year ended June 30, 1962."

The Commissioner's determination was sustained by the Tax Court in a reviewed decision, two judges dissenting, at 53 T.C. 28 (1969).

The sum of the taxpayer's challenge to the Tax Court's decision may be summarized as follows: (1) Congress in enacting Section 382 sought only to deal with "trafficking" in corporations with operating loss carryovers, viz., acquisition of a corporation for the purpose of utilizing its loss carryover to offset gains of the acquiring corporation's unrelated business; (2) "the legislative history of section 382(a) clearly shows that the Congress intended it to apply only where a change in ownership was accompanied by a change in business and an attempt was made to offset a loss carryover against profits from a different business than that which sustained the loss"; and (3) the Tax Court erred in premising its denial of the carryover loss "on the fact that it [the taxpayer] terminated its business."

The Commissioner urges that the Tax Court correctly decided that under Section 382 the taxpayer was not entitled to a loss carryover from a prior taxable year to the taxable year ended June 30, 1962, and that the legislative history of Section 382 is in accord.

What has been said brings us to resolution of the taxpayer's challenge to the Tax Court's decision.

On review of the record, we are of the opinion that the Tax Court did not err when it held that, under the prevailing undisputed facts, Section 382 disallows the taxpayer's claimed carryover loss and that the Section's legislative history supports, rather than negatives, the Tax Court's holding.

Section 382(a) (1), set forth in the margin,[2] prohibits a corporation from carrying over to a current taxable year an otherwise allowable prior year's net operating loss "[i]f, *at the end of a taxable year,*" there has been a sale of 50% or more of the corporation's stock during the taxable year, and "*such corporation has not continued to carry on a trade or business substantially the same as that conducted before any change*" in the stock ownership. (emphasis supplied)

The Tax Court held that since the taxpayer had admittedly "abandoned" all operation of its retail furniture business prior to the end of the taxable year June 30, 1962, Section 382 disallowed its claimed loss carryover into that year. In doing so, it ruled that "[a]t a minimum * * * the statute requires that the corporation *continue* the old business" as of the end of a taxable year, where, during that year, there has been a 50% or more change of a corporation's capital stock. 53 T.C. 33. (the emphasis is that of the Tax Court).

In further exposition of its holding, the Tax Court said (p. 33):

"The net operating loss deduction, as other income tax deductions, reflects an act of legislative grace. New Colonial Co. v. Helvering, 292 U.S. 435 [54 S.Ct. 788, 78 L.Ed. 1348] (1934); Deputy v. duPont, 308 U.S. 488 [60 S.Ct. 363, 84 L.Ed. 416] (1940). The availability of any particular deduction may be conditioned by Congress upon compliance with statutory requirements which it sees fit to enact thereon. Section 382(a) provides a limitation upon the use of a corporation's net operating loss carryovers in the computation of its net operating loss deduction where there is a substantial change in the stock ownership of that corporation. Congress, in effect, stated in section 382(a) that a corporation which experiences a substantial change in its stock ownership may enjoy the benefit of its net operating loss carryovers *only if* it continues to carry on substantially the same trade or business as that conducted before the change in ownership. Petitioner has failed to comply with this statutory directive."

2. § 382: Special limitations on net operating loss carryovers

(a) Purchase of a corporation and change in its trade or business.—

(1) In general.—If, at the end of a taxable year of a corporation—

(A) any one or more of those persons described in paragraph

(2) own a percentage of the total fair market value of the outstanding stock of such corporation which is at least 50 percentage points more than such person or persons owned at—

(i) the beginning of such taxable year, or

(ii) the beginning of the prior taxable year,

(B) the increase in percentage points at the end of such taxable year is attributable to—

(i) a purchase by such person or persons of such stock, the stock of another corporation owning stock in such corporation, or an interest in a partnership or trust owning stock in such corporation, or

(ii) a decrease in the amount of such stock outstanding or the amount of stock outstanding of another corporation owning stock in such corporation, except a decrease resulting from a redemption to pay death taxes to which section 303 applies, and

(C) such corporation has not continued to carry on a trade or business substantially the same as that conducted before any change in the percentage ownership of the fair market value of such stock,

the net operating loss carryovers, if any, from prior taxable years of such corporation to such taxable year and subsequent taxable years shall not be included in the net operating loss deduction for such taxable year and subsequent taxable years.

In response to the taxpayer's contention, here renewed, that Section 382 does not apply where the loss carryovers are sought to be used to offset gains of the same business and there has been no "change in business," the Tax Court said (p. 32):

"The fact that petitioner has not *changed* its old business, but has instead *abandoned* it does not alter the result under section 382(a); i. e., disallowance of the loss carryover."

We agree in every respect with these stated determinations of the Tax Court.

In the instant case, it is undisputed that the taxpayer conclusively terminated all operation of its retail furniture business when it sold all of the latter's operating assets, including accounts receivable, for cash, on October 27, 1971 —eight months prior to the end of its taxable year June 30, 1962. Indeed, taxpayer concedes that after October 27, 1961 it did not carry on *any* trade or business whatsoever. That being so, since there had been a change of more than 50% of the taxpayer's capital stock during the taxable year ended June 30, 1962,[3] it was, on the latter date, required by Section 382(a) (1) (C) "to carry on a trade or business substantially the same as that conducted before" the stated change in its ownership, in order to qualify for use of its prior year's loss carryover.

The taxpayer's failure to satisfy this requirement is fatal to its loss carryover claim.

It is pertinent to note that other Courts have subscribed to the Tax Court's ruling that Section 382 requires a corporation which has experienced a change in ownership, "to carry on the same trade or business substantially," at the end of the taxable year, in order to enjoy use of its prior year's loss carryover.

In Commissioner of Internal Revenue v. Barclay Jewelry, Inc., 367 F.2d 193 (1

Cir. 1966), it was held that a corporation which, following sale of its capital stock, did no business for two years thereafter, and then resumed its former operation, did not meet the requirements of Section 382(a) (1) (C) of continuous carrying on of business, and consequently was not entitled to use its loss carryover.

In so holding the Court, speaking through Chief Judge Aldrich said (p. 196):

"We do not think it was either unreasonable, or an inadvertence, that the statute requires *both* that the nature of the *business not be changed* and that the *operations continue* despite the change in ownership." (emphasis supplied).

In discussing the provisions of Section 382(a) (1) (C), it was said in Glover Packing Company of Texas v. United States, 328 F.2d 342, at page 348, 164 Ct.Cl. 572 (1964):

"This seems to convey the idea of *continuous operation*, without a substantial break." (emphasis supplied).

There remains for disposition the taxpayer's contention that the legislative history of Section 382 establishes that "this section is inapplicable here."

The following excerpt from the Conference Report is dispositive of this contention:

"In the case of a 50 percent or more change of ownership by reason of a purchase or redemption of stock, the Senate amendment *completely eliminated the net operating loss carryovers provided the corporation did not continue to carry on a trade or business substantially the same as that conducted before the change of ownership.* If a corporation continued to carry on substantially the same trade or business, the limitation [of § 382(a) (1) (C)] would not be applica-

3. The taxpayer sold all of its outstanding capital stock to Merion on August 11, 1961—some six weeks after the beginning of its taxable year ended June 30, 1962.

ble even though the corporation also added a new trade or business." [4] (emphasis supplied).

For the reasons stated the decision of the Tax Court entered pursuant to its opinion will be affirmed.

4. Conference Report, H.R.Rep.No.2543, 83d Cong.2d Sess. (1954), U.S.Code Cong. & Admin. News 1954 at page 5299.